TRAVIS *v.* UNITED STATES.

No. 67. Argued November 15–16, 1966.—Decided January 10, 1967.

*John T. McTernan* argued the cause for petitioner. With him on the briefs was *A. L. Wirin.*

*Nathan Lewin* argued the cause for the United States. With him on the brief were *Solicitor General Marshall, Assistant Attorney General Yeagley, Kevin T. Maroney* and *Robert L. Keuch.*

Mr. Justice Fortas delivered the opinion of the Court.

This is a companion case to No. 176, *United States* v. *Laub, ante,* p. 475. Petitioner was tried on a stipulation of facts, under an indictment which alleged that on two occasions she "did unlawfully, knowingly and willfully depart from the United States without bearing a valid passport, for the Republic of Cuba, via Mexico, the Republic of Cuba being a place outside the United States for which a valid passport is required" in violation of § 215 (b) of the Immigration and Nationality Act of 1952, 66 Stat. 190, 8 U. S. C. § 1185 (b). The parties stipulated that "At no time pertinent or material herein did defendant, Helen Maxine Levi Travis, bear a valid

United States passport specifically endorsed for travel to the Republic of Cuba . . . ." This stipulation is all that the record in this case reveals as to petitioner's possession of a valid passport. Petitioner was convicted, and the Court of Appeals affirmed. We granted certiorari in light of the important questions raised by petitioner, and the apparent conflict with the decision of the District Court for the Eastern District of New York in the *Laub* case, *supra,* which we affirm today.

As our decision in *Laub* determines, if petitioner in fact had a valid passport, and the gravamen of the Government's accusation under § 215 (b) were that her passport was not valid for travel to Cuba, this conviction could not stand. We have today held that area restrictions upon the use of an otherwise valid passport are not criminally enforceable under § 215 (b). Because the Government did not allege, and introduced no proof, that petitioner did not bear a valid passport on each of the occasions on which she departed for Cuba, via Mexico, our decision in *Laub, supra,* requires that her conviction be reversed.

Accordingly, the judgment of the Court of Appeals is

*Reversed.*